10-739-ag
Arifi v. Holder

BIA
Gordon-Uruakpa, IJ
A088 378 173

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand ten.

PRESENT:
ROGER J. MINER,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

_____

AGRON ARIFI,
*Petitioner,*

v.                                              10-739-ag
                                                NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Charles Christophe, Christophe &
                        Associates, P.C., New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Christopher C. Fuller,
                        Senior Litigation Counsel; Zoe J.
                        Heller, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Agron Arifi, a native and citizen of Serbia, seeks review of a February 4, 2010, order of the BIA, affirming the May 12, 2008, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arifi*, No. A088 378 173 (B.I.A. Feb. 4, 2010), *aff'g* No. A088 378 173 (Immig. Ct. N.Y. City May 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, where the BIA adopts and affirms the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we are without jurisdiction to consider Arifi's unexhausted challenge to the IJ's denial of his CAT claim, and we must dismiss the petition for review

2

to that extent. *See* 8 U.S.C. § 1252(d)(1) (2206). We therefore review only Arifi's challenge to the IJ's denial of asylum and withholding of removal.

The IJ reasonably found that Arifi failed to demonstrate that any harm he suffered or feared was on account of a protected ground. An applicant seeking asylum and withholding of removal must establish that his past persecution or fear of future persecution is *on account of* his race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42) (2006); 8 C.F.R. § 1208.16(b)(1) (2010); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (holding that the "applicant must [] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief [or other protected ground]"). As the IJ noted, Arifi failed to establish that the individuals threatening Arifi targeted him on account of his Catholic religion. Arifi's testimony connecting the threats to his religion provided only that the threats started after he began driving his sister, a nun, to church. Arifi testified that he did not know why the threats were being made or who was making them. Given the absence of any "solid support" for

3

his claim, the IJ did not err in finding that Arifi failed to meet his burden of demonstrating that any harm he suffered bore a nexus to a protected ground. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record, a petitioner's fear was "speculative at best"); *see also* 8 U.S.C. § 1252(b)(4)(B).

Moreover, it was not improper for the agency to consider Arifi's claim of a well-founded fear of persecution to be diminished because he testified that several members of his family, who also were Catholic, continued to live in Serbia without incurring any harassment or mistreatment. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, her well-founded fear claim was diminished). Accordingly, because the BIA reasonably found that Arifi failed to establish that any harm he suffered or feared bore a nexus to a protected ground, it properly denied both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk